**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| BRENDA CUDJOE,<br><br>Plaintiff,<br><br>v.<br><br>THE CITY OF OKLAHOMA CITY, a municipality,<br><br>Defendant. | ) | Case No. CIV-25-1432-D |

**ORDER**

Before the Court is the Motion to Dismiss of Defendant City of Oklahoma City and Brief in Support [Doc. No. 5], to which Plaintiff filed a response. [Doc. No. 6]. The matter is fully briefed and at issue.

**BACKGROUND**

Plaintiff, a sixty-one-year-old African American female, alleges claims of discrimination based on race and age, and violations of the Fair Labor Standards Act (FLSA) against her previous employer, the City of Oklahoma City (the City).

Plaintiff began working for the City as a Parking Enforcement Specialist in 2017. She alleges she was subjected to unfavorable treatment by her supervisor, Francene Thomas. Namely, she asserts Ms. Thomas made rude gestures regarding Plaintiff's head injury, insisted that Plaintiff needed counseling, denied Plaintiff the opportunity to work remotely as an accommodation while others were allowed to do so, and made comments relating to race in front of Plaintiff. Additionally, when Plaintiff learned that the City's agents failed to report her quarterly wages earned and taxes owed to the Oklahoma

Employment Securities Commission (OESC),[1] she filed a complaint with the Human Resources Division, but did not receive a response. Plaintiff then reported these actions to the Ethics Department.

On May 22, 2025, Plaintiff, along with other members of the Parking Enforcement division, attended a meeting convened by Major Daniel Stewart. At the meeting, the employees were advised they were no longer needed because the division was too much of a distraction. After the meeting, a text message was sent by one of Plaintiff's coworkers, in a group message that Plaintiff was a member of, stating it was Plaintiff's fault they all got fired because "she has a major lawsuit against the City." [Doc. No. 1, at 5, ¶ 133].

After Plaintiff's termination, a Human Resources Division Manager with the City contacted her to set up a meeting to "get to know her." *Id.* at 6, ¶ 16. When she arrived at the meeting, Plaintiff was met by three individuals and a large drug dog. She alleges this meeting was set up solely to gather information about her complaints regarding the City's wage reporting violations.

Plaintiff asserts that the City's reduction in force was initiated to get rid of her. Specifically, she alleges that two similarly situated, non-African American employees, David Hoff and Dianna Hoff, were allowed to keep their jobs while she was not. Further, she argues that the City and its employees continue to retaliate against her. For example, she was told she could apply for alternative positions for which she is qualified, but was not hired when she applied. When she filed for unemployment benefits with the OESC, she

[1] Upon speaking with an employee at the fraud compliance division of the OESC, Plaintiff was also made aware that she was not a reported employee of the City.

was accused of fraud because the City failed to properly identify her in the system as an employee and failed to accurately report her quarterly wages.

Plaintiff brought this action against the City alleging four claims: (1) failure to report wages pursuant to the FLSA, (2) retaliation for providing information relating to violations of the FLSA, (3) racial discrimination pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq*. (Title VII), and (4) disability discrimination in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12112, *et seq*. (ADA).

## STANDARD OF DECISION

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The Court will accept as true all well-pled factual allegations and construe them in the light most favorable to the non-movant. *Peterson v. Grisham*, 594 F.3d 723, 727 (10th Cir. 2010).

A complaint "attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," but it does need "more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). "To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## DISCUSSION

### I. Violations of the FLSA and Disability Discrimination Claims

As an initial matter, Plaintiff concedes her claims in Counts One (FLSA—failure to report wages) and Four (disability discrimination) should be dismissed. Accordingly, those claims are dismissed.

### II. FLSA Retaliation Claim

"When the 'immediate cause or motivating factor of a discharge is the employee's assertion of statutory rights, the discharge is discriminatory under § 215(a)(3) whether or not other grounds for discharge exist.'" *Love v. RE/MAX of Am., Inc.*, 738 F.2d 383, 387 (10th Cir. 1984) (quoting *Brennan v. Maxey's Yamaha, Inc.*, 513 F.2d 179, 181 (8th Cir. 1975)). The "'motivating factor' test is equivalent to the 'but for cause' test, so that 'the discharge is unlawful only if it would not have occurred *but* for the retaliatory intent.'" *Conner v. Schnuck Mkts., Inc.*, 121 F.3d 1390, 1394 (10th Cir. 1994) (*quoting Martin v. Gingerbread House, Inc.*, 977 F.2d 1405, 1408 n.4 (10th Cir. 1992)).

"In analyzing FLSA retaliation claims, [the court] appl[ies] the shifting burden of proof scheme initially articulated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)." *Conner*, 121 F.3d at 1394. The *McDonnell Douglas* framework consists of the following steps:

> (1) the plaintiff must establish a prima facie case of discrimination or retaliation; (2) the defendant employer must offer a legitimate non-discriminatory reason for the adverse employment action; and (3) the plaintiff must show there is at least a genuine issue of material fact as to whether the employer's proffered legitimate reason is genuine or pretextual.

*Smothers v. Solvay Chems., Inc.*, 740 F.3d 530, 538 (10th Cir. 2014) (citation omitted).

A plaintiff must show the following in order to establish a prima facie case of FLSA retaliation: "(1) he or she engaged in activity protected by the FLSA; (2) he or she suffered adverse action by the employer subsequent to or contemporaneous with such employee activity; and (3) a causal connection existed between the employee's activity and the employer's adverse action." *Conner*, 121 F.3d at 1394.

In its motion to dismiss, the City argues that Plaintiff failed to sufficiently plead her FLSA retaliation claim. It concedes Plaintiff suffered an adverse employment action and that she engaged in a protected activity, but asserts Plaintiff failed to establish a causal connection between the Plaintiff's activity and the City's adverse action. In response, Plaintiff agrees that "Count Two warrants clarification through an amendment" and seeks leave to amend. [Doc. No. 6, at 2].

Plaintiff did not file an amended pleading as of right pursuant to FED. R. CIV. P. 15(a). Therefore, she seeks leave under FED. R. CIV. P. 15(a)(2) to file an amended complaint. And "[a] party moving under FED. R. CIV. P. 15(a)(2) to amend a pleading . . . must attach the proposed pleading as an exhibit to the motion." LCvR 15.1; *see also Johnson v. Spencer*, 950 F.3d 680, 720 (10th Cir. 2020) (quoting *Albers v. Bd. of Cnty. Comm'rs*, 771 F.3d 697, 706 (10th Cir. 2014)) ("[W]e have repeatedly held that 'a bare request to amend in response to a motion to dismiss is insufficient to place the court and opposing parties on notice of the plaintiff's request to amend and the particular grounds upon which such a request would be based.'"). Plaintiff's request to amend is a bare request. Should Plaintiff wish to amend her complaint, she may file a motion properly seeking leave to do so.

Accordingly, because Plaintiff does not respond to Defendant's argument regarding claim two and agrees that her complaint needs to be amended, but fails to follow the proper procedure for doing so, claim two is dismissed without prejudice to refiling.

**III. Title VII Race Discrimination**

Plaintiff asserts she was discriminated against based on her race. Title VII makes it unlawful "to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1).

A plaintiff can prove that an employer violated Title VII either "(1) by direct evidence that a workplace policy, practice, or decision relies expressly on a protected characteristic, or (2) by using the burden-shifting framework set forth in *McDonnell Douglas*." *Young v. United Parcel Serv., Inc.*, 575 U.S. 206, 213 (2015). A plaintiff establishes a prima facie case of discrimination by showing that "(1) the victim belongs to a class protected by Title VII, (2) the victim suffered an adverse employment action, and (3) the challenged action took place under circumstances giving rise to an inference of discrimination." *Throupe v. Univ. of Denver*, 988 F.3d 1243, 1252 (10th Cir. 2021).

Defendant asserts Plaintiff cannot establish a claim for disparate treatment because she fails to adequately allege the third element—that Plaintiff was fired under circumstances giving rise to an inference of discrimination. Defendant argues that Plaintiff fails to plead any facts alleging that the Hoffs were not subject to the reduction in force,

that they were the only white employees in the Parking Enforcement division, or that they were permitted to keep the same job.

In her Complaint, Plaintiff alleges that the employees of the Parking Enforcement division were terminated because the division was a distraction. Plaintiff further alleges that the Hoffs were "similarly situated as Plaintiff" and "were allowed to keep their jobs." [Doc. No. 1, at 5]. Elsewhere in the Complaint, however, Plaintiff alleges Parking Enforcement employees "were advised that they were no longer needed" [Doc. No. 1, at 5], and that her comparators, the Hoffs, were "allowed to continue employment with City." [Doc. No. 1, at 9]. But Plaintiff also alleges that she was "informed that she could apply for alternative positions" with the City and she did so. [Doc. No. 1, at 6].

"Alleging the employer treated similarly situated employees more favorably is one method by which a plaintiff can plead circumstances that give rise to an inference of discrimination." *McNellis v. Douglas Cnty. Sch. Dist.*, 116 F.4th 1122, 1140 (10th Cir. 2024) (citation and quotation omitted). "Individuals are considered similarly-situated when they deal with the same supervisor, are subjected to the same standards governing performance evaluation and discipline, and have engaged in conduct of 'comparable seriousness.'" *Id.* (citation and quotation omitted).

The Court finds that Plaintiff's bare allegations that the Hoffs were "similarly situated" as Plaintiff and "allowed to keep their jobs" or "continue employment with City," are insufficient to give rise to an inference of discrimination here. Plaintiff fails to allege facts regarding the nature of the Hoffs' employment—Plaintiff does not state which department the Hoffs worked in, who the Hoffs' supervisor was, or the positions they were

allowed to maintain with the City. Plaintiff fails to "nudge [her] claim[] across the line from conceivable to plausible." *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (quoting *Twombly*, 550 U.S. at 570). Accordingly, Plaintiff fails to establish a prima facie case of race discrimination.

Additionally, Plaintiff seeks leave to amend her Complaint as to Count Three. As discussed above, Plaintiff has failed to file a proper motion seeking leave to amend her Complaint at this time. Defendant's motion to dismiss Plaintiff's race discrimination claim is **GRANTED**.

## CONCLUSION

For these reasons, the Motion to Dismiss of Defendant City of Oklahoma City and Brief in Support [Doc. No. 5] is **GRANTED**. Plaintiff may file a proper motion seeking leave to amend her Complaint, along with the proposed amended pleading, within 21 days of the entry of this Order. If such motion is not filed, this action will be dismissed without prejudice and without further notice.

**IT IS SO ORDERED** this 8th day of September, 2026.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE